IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-1-FL

| | |
|---|---|
| RONALD HUGH HUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| U.S. DEPARTMENT OF VETERANS ) | |
| AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

This pro se case is before the court on the motion to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Ronald Hugh Hutton ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. However, for the reasons explained below, it will be recommended that this action be transferred to the United States District Court for the Middle District of North Carolina.

28 U.S.C. § 1391 provides the statutory framework for determining proper venue. Because plaintiff has named the United States Department of Veterans Affairs ("VA") as the defendant, 28 U.S.C. § 1391(e) provides the applicable venue rule. This section provides that where a defendant is an agency of the United States, such as the VA, proper venue lies in one of the following judicial districts:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

The defendant VA resides in the District of Columbia. *See Johnson v. United States*, 82 Fed. Cl. 150, 153 n.5 (2008) (noting that the district of residence for the VA for the purposes of 18 U.S.C. § 1391(e) is the District of Columbia). Thus, under § 1391(e)(1)(A), proper venue would lie in the District of Columbia. Plaintiff resides in Pittsboro, North Carolina, and Pittsboro, lying in Chatham County, falls within the Middle District of North Carolina. *See* 28 U.S.C. § 113(b). Thus, under § 1391(e)(1)(C), venue would also be proper in the Middle District of North Carolina. Finally, the basis of plaintiff's complaint is that the VA has not honored his request to change his status as a disabled veteran. (*See* Compl. (D.E. 1-3) at 1). Thus, it appears that the events giving rise to plaintiff's claim, which is the criteria set out in § 1391(e)(1)(B), arguably occurred in either the District of Columbia or the Middle District of North Carolina. Consequently, the court concludes that proper venue for this matter would lie in either the District of Columbia or the Middle District of North Carolina.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988) (holding that a transfer may be made pursuant to section 28 U.S.C. § 1406(a) for any reason which constitutes an impediment to a decision on the merits even where venue is proper in the transferor court); *see also Quinn v. Watson*, 145 Fed. Appx. 799, 800 (4th Cir. 2005) (holding that "the choice to transfer or dismiss a case afforded by § 1406(a) lies within the sound discretion of the district court"). It appearing that venue is not proper in this district and that a transfer of venue would be in the interest of justice, it is RECOMMENDED that this case be transferred to the Middle District of North Carolina, the judicial district in which plaintiff resides.

The Clerk shall send copies of this Memorandum and Recommendation to the plaintiff, who has 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars plaintiff from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 9th day of February 2012.

James E. Gates
United States Magistrate Judge